**FUSCO & MACALUSO, P.A.**
150 Passaic Avenue
P.O. Box 838
Passaic, New Jersey 07055
(973) 779-1163
Attorneys for Defendant,
James S. Brian

By:   Anthony J. Fusco, Jr., Esq.
      973-779-1163
      ajfuscojr@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN D. WAGNER, | CASE NUMBER: 2:10-CV-04873-FSH-PS |
| Plaintiff(s), | |
| v. | ANSWER, SEPARATE DEFENSES, COUNTERCLAIM AND JURY DEMAND ON BEHALF OF DEFENDANT JAMES S. BRIAN |
| STATE TROOPER JAMES S. BRIAN, ET AL, | |
| Defendant(s). | |

Defendant, James S. Brian, (hereinafter referred to as "the defendant"), by way of Answer to the above-captioned complaint says:

### INTRODUCTION

1. The allegations contained in this paragraph are denied by this defendant.

2. The allegations contained in this paragraph are denied by this defendant.

### JURISDICTION

3. Plaintiff is left to his proofs regarding federal jurisdiction.

### PARTIES

4. Plaintiff is left to his proofs.

5. Defendant admits to being a New Jersey State Trooper.

6. Plaintiff is left to his proofs regarding Trooper Rivas.

7. The allegations contained in this paragraph are denied by this defendant.

## FIRST COUNT

8. Except as admitted above, the allegations contained in this paragraph are denied by this defendant.

9. The allegations contained in this paragraph are denied by this defendant.

10. The allegations contained in this paragraph are denied by this defendant.

11. The allegations contained in this paragraph are denied by this defendant.

12. The allegations contained in this paragraph are denied by this defendant.

13. The allegations contained in this paragraph are denied by this defendant.

**WHEREFORE**, Defendant James S. Brian demands Judgment dismissing the Plaintiff's Complaint with prejudice and awarding Defendant cost of suit, attorney's fees and other such relief as the Court deems equitable and just.

## SECOND COUNT

14. Answering Defendant repeats the answers contained in the preceding paragraphs as if set forth at length herein.

15. The allegations contained in this paragraph are denied by this defendant.

**WHEREFORE**, Defendant James S. Brian demands Judgment dismissing the Plaintiff's Complaint with prejudice and awarding Defendant cost of suit, attorney's fees and other such relief as the Court deems equitable and just.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

1. Plaintiffs' claims are barred as a result of insufficient service of process.

## SECOND SEPARATE DEFENSE

2. Plaintiffs' claims are barred as a result of insufficiency of process.

## THIRD SEPARATE DEFENSE

3. Plaintiffs' claims are barred under the doctrine of laches and unclean hands.

## FOURTH SEPARATE DEFENSE

4. The claims against defendant are barred by the doctrine of res judicata and/or collateral estoppel.

## FIFTH SEPARATE DEFENSE

5. The claims against defendant are barred for failure to state a claim against defendant upon which relief can be granted.

## SIXTH SEPARATE DEFENSE

6. The claims against defendant are barred by the entire controversy doctrine.

## SEVENTH SEPARATE DEFENSE

7. The claims against defendant are barred by the doctrine of equitable estoppel.

## EIGHTH SEPARATE DEFENSE

8. Plaintiffs' claims are barred by applicable law, rule, statute or regulation, including but not limited to, the statute of limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the plaintiffs and accordingly, plaintiffs' claim is barred as a matter of law.

## NINTH SEPARATE DEFENSE

9. Defendant is immune from claims related to any injury caused by a failure to provide police protection or sufficient police protection.

## TENTH SEPARATE DEFENSE

10. Defendant is immune from claims related to any injury caused by the failure to provide medical facilities. N.J.S.A. 59:6-2.

## ELEVENTH SEPARATE DEFENSE

11. Defendant is immune from claims related to any injury caused by any act or omission concerning the public health, or control. N.J.S.A. 59:6-3.

## TWELTH SEPARATE DEFENSE

12. Defendants are immune from claims related to injury caused by the failure to make an examination or to make an adequate examination. N.J.S.A. 59:6-4.

## THIRTEENTH SEPARATE DEFENSE

13. The allegations for punitive damages contained in plaintiffs' pleadings constitute a frivolous claim, in whole or in part, pursuant to N.J.S.A. 2A:15-59.1, and the defendants reserve the right to make a claim for relief under this provision, as well as under Federal Rules of Civil Procedure 11 and 11 U.S.C. Section 1988.

## FOURTEENTH SEPARATE DEFENSE

14. Defendants are free from any and all negligence.

### FIFTEENTH SEPARATE DEFENSE

15. Any injuries or damages allegedly sustained by plaintiffs were caused through the sole negligence of plaintiffs.

### SIXTEENTH SEPARATE DEFENSE

16. Any injuries or damages allegedly sustained by plaintiffs were caused through the sole negligence of any co-defendant(s).

### SEVENTEETH SEPARATE DEFENSE

17. Any injuries or damages claimed by plaintiffs were caused through the sole negligence of third parties over whom the answering defendant had no control.

### EIGHTEENTH SEPARATE DEFENSE

18. Defendant denies that he, or anyone in his stead, violated any duties or created any conditions which were the proximate cause of the damages sustained by plaintiffs.

### NINETEENTH SEPARATE DEFENSE

19. Defendants affirmatively and specifically plead each and every defense, limitation or immunity provided to them under N.J.S.A. 59:1-1, et seq, particularly N.J.S.A. 59:2-1; 2-2; 2-3; 2-4; 2-5; 2-6; 3-2; 3-3; 3-5; 3-6; 3-7 and 3-10.

### TWENTIETH SEPARATE DEFENSE

20. Defendants affirmatively and specifically plead each and every defense limitation or

immunity provided to them under N.J.S.A. 59:3-3, et seq.

### TWENTY-FIRST SEPARATE DEFENSE

21. Defendants affirmatively and specifically plead each and every defense, limitation or immunity provided to them under N.J.S.A. 59:4-1, et seq, including but not limited to, immunity for injuries caused solely by weather conditions under N.J.S.A. 59:4-7.

### TWENTY-SECOND SEPARATE DEFENSE

22. Defendants affirmatively and specifically plead each and every defense, limitation or immunity provided to them under N.J.S.A. 59:4-6, including but not limited to immunity for injuries caused solely by the plan or design of public property.

### TWENTY-THIRD SEPARATE DEFENSE

23. Defendants affirmatively and specifically plead each and every defense, limitation or immunity provided to them under N.J.S.A. 59:8-1, et seq, including, but not limited to, failure to comply with notice provisions of Title 59, failure to provide hospital and medical records, notes and bills, and failure to file a notice of claim as required.

### TWENTY-FOURTH SEPARATE DEFENSE

24. Any recovery to which plaintiffs might otherwise be entitled is subject to reduction in accordance with limitations on damages provided in N.J.S.A. 59:9-2, including, but not limited to N.J.S.A. 59:9-2(d).

### TWENTY-FIFTH SEPARATE DEFENSE

25. Any liability, which might otherwise be imposed upon defendants, must be reduced by the application of comparative negligence.

### TWENTY-SIXTH SEPARATE DEFENSE

26. Plaintiffs assumed the risk and were fully cognizant of any and all circumstances

surrounding the alleged incident.

### TWENTY-SEVENTH SEPARATE DEFENSE

27. Plaintiffs' claims are barred by N.J.S.A. 58:2-10. Defendant acted in accordance with the laws of the State of New Jersey and United States of America.

### TWENTY-EIGHTH SEPARATE DEFENSE

28. Defendant acted in good faith and with reasonable basis and probable cause based on then existing circumstances.

### TWENTY-NINTH SEPARATE DEFENSE

29. Defendant acted with legal justification.

### THIRTIETH SEPARATE DEFENSE

30. Defendant took no action at any time to deprive the plaintiff of any federal, constitutional or statutory right of law.

### THIRTY-FIRST SEPARATE DEFENSE

31. Defendant acted on reasonable grounds and without malice and therefore, are not responsible for damages to plaintiff.

### THIRTY-SECOND SEPARATE DEFENSE

32. Defendant acted on reasonable grounds and without malice and, therefore, have qualified

immunity.

### THIRTY-THIRD SEPARATE DEFENSE

33. Defendants acted within the scope of their authority and, therefore, have absolute immunity.

### THIRTY-FOURTH SEPARATE DEFENSE

34. Plaintiffs have not been deprived of any right, privilege or immunity secured to them by the United States Constitution or any Acts of Congress.

### THIRTY-FIFTH SEPARATE DEFENSE

35. Defendant acted within the scope of his authority and, therefore, has governmental and official immunity.

### THIRTY-SIXTH SEPARATE DEFENSE

36. Mere negligence on the party of any public official is insufficient to support a claim under 42 U.S.C. § 1983.

### THIRTY-SEVENTH SEPARATE DEFENSE

37. Defendant is not liable for punitive damages under the facts of this case.

### THIRTY-EIGHTH SEPARATE DEFENSE

38. Plaintiffs sustained no damages as a result of the actions, conduct or behavior of Defendant, his agents, servants or employees.

### THIRTY-NINTH SEPARATE DEFENSE

39. This Court lacks subject matter jurisdiction over Defendant.

### FOURTIETH SEPARATE DEFENSE

40. This Court lacks jurisdiction over Defendant.

### FORTY-FIRST SEPARATE DEFENSE

41. Plaintiffs failed to take reasonable and necessary measures to mitigate damages.

### FORTY-SECOND SEPARATE DEFENSE

42. Defendant owed no legal duty to Plaintiffs.

### FORTY-THIRD SEPARATE DEFENSE

43. Defendant breached no duty owed to Plaintiffs.

### FORTY-FOURTH SEPARATE DEFENSE

44. Defendant did not engage in any conduct resulting in a violation of Plaintiffs' civil rights.

### FORTY-FIFTH SEPARATE DEFENSE

45. Plaintiffs claims are barred by their failure to satisfy the requirements of 42 U.S.C. §

1983.

## FORTY-SIXTH SEPARATE DEFENSE

46. No answering Defendant has adopted, enacted, admitted or condoned a policy or practice by which constitutional rights or any rights protected by law of Plaintiffs were violated.

## FORTY-SEVENTH SEPARATE DEFENSE

47. No answering Defendant acted with deliberate indifference to a policy or practice by which constitutional rights or any rights protected by law of Plaintiffs were violated.

## FORTY-EIGHTH SEPARATE DEFENSE

48. Defendant reserves his rights to interpose such other separate defenses as continuing investigation and discovery may indicate.

## RESERVATION OF RIGHTS

Defendant reserves the right, at or before trial, to move to dismiss the Complaint and/or for summary judgment, on the grounds that the Complaint fails to state a claim against Defendant upon which relief can be granted as a matter of law, based on any of the above defenses.

## JURY DEMAND

Defendant hereby demands a trial by jury as to all the issues.

FUSCO & MACALUSO, P.A.
150 Passaic Avenue
Passaic, New Jersey 07055
(973) 779-1163
Attorneys for Defendants
/s/ Anthony J. Fusco, Jr., Esq.

Dated: January 31, 2011                                        Anthony J. Fusco, Jr., Esq.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Anthony J. Fusco, Jr., Esq., is herewith designated as trial counsel.

/s/Anthony J. Fusco, Jr., Esq.
Anthony J. Fusco, Jr., Esq.

Dated: January 31, 2011

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending Arbitration proceeding, nor is any other action or Arbitration contemplated. No other party is required to be joined in this action.

/s/ Anthony J. Fusco, Jr., Esq.
Anthony J. Fusco, Jr., Esq.

Dated: January 31, 2011

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jonathan D. Wagner

**DEFENDANTS**
State Trooper James S. Brain; State Trooper Armando Rivas; Division of New Jersey State Police; and Department of Law and Public Safety

(b) County of Residence of First Listed Plaintiff: **Sussex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gary H. Kraemer
328 D Sparta Ave.
Sparta, NJ 07871

Attorneys (If Known)
Anthony J. Fusco, Jr., Esq.
Fusco & Macaluso, LLC. 150 Passaic Ave.
Passaic, NJ 07055

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983
Brief description of cause:
Violations of Plaintiff's Civil Rights by Defednats

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 01/31/2011

SIGNATURE OF ATTORNEY OF RECORD
/s/ Anthony J. Fusco, Jr., Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**FUSCO & MACALUSO, LLC**
150 Passaic Avenue
Post Office Box 838
Passaic, New Jersey 07055
(973) 779-1163
**Attorneys for Defendant,**
**State Trooper James S. Brain**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| JOHNATHAN D. WAGNER, | : | Honorable Faith S. Hochberg |
| Plaintiff, | : | Civ. Action No.: 10-4873 (FSH-PS) |
| v. | : | |
| STATE TROOPER JAMES S. BRAIN; STATE TROOPER ARMANDO RIVAS; DIVISION OF NEW JERSEY STATE POLICE; and DEPARTMENT OF LAW AND PUBLIC SAFETY, | : | **CERTIFICATION OF SERVICE** |
| Defendants. | : | |

I hereby certify that I caused one copy of this Answer and Certification of Service to be filed electronically with the Clerk of the United States District Court and that I caused copies of these documents to be served upon plaintiff's counsel via overnight mail to the following address:

Gary A. Kraemer, Esq.
Daggett, Kraemer, Kovach & Gjelsvik, Esqs.
328 D. Sparta Avenue
Sparta, NJ 07871

FUSCO & MACALUISO, LLC
**Attorneys for Defendant,**
**State Trooper James S. Brain**

/s/ Anthony J. Fusco, Jr.
ANTHONY J. FUSCO, JR., ESQ.

Date: January 31, 2011